Filed 7/30/14  P. v. Edwards CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074691 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 11F02202, 12F01546) |
| v. | |
| RAUL ANTHONY EDWARDS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Raul Anthony Edwards has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant has filed a supplemental brief claiming error in his plea.  We find no arguable error, properly raised, that would result in a disposition more favorable to defendant.  We shall affirm the judgment.

1

## BACKGROUND

In May 2013, defendant entered into a negotiated disposition of two cases.  In case No. 11F02202, he pleaded guilty to second degree robbery (Pen. Code, § 211)[1] and admitted allegations that he personally used a firearm (§ 12022.53, subd. (b)) and suffered a August 2000 strike conviction (§§ 667, subds. (b)-(i), 1170.12).  In case No. 12F01546, defendant pleaded guilty to possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)) and admitted the prior strike.  At the time of defendant's pleas, the People set forth the factual basis as follows:

On August 4, 2000, in Sacramento County, defendant had been convicted of attempted murder.  (§§ 187, 664.)  On March 8, 2011, in Sacramento County, defendant personally displayed a handgun in a menacing manner, threatened victim Baxter with that gun, and then took money and personal property from the person and immediate presence of Baxter.  On February 29, 2012, in Sacramento County, defendant (a convicted felon) willfully and unlawfully possessed a Colt .45-caliber pistol, a firearm.

The trial court denied defendant's invitation to dismiss the strike and sentenced him to prison for 17 years four months, consisting of six years (the middle term doubled) for the 2011 robbery, 10 years for the firearm enhancement, and 16 months (one-third the middle term, doubled) for the 2012 possession of a firearm, all consecutive.

The court awarded defendant 840 days of custody credit and 126 days of conduct credit in the 2011 case, as well as two days of custody credit in the 2012 case.  In the 2011 case, the court ordered defendant to pay a $200 restitution fine (§ 1202.4, subd. (b)) and a $200 restitution fine suspended unless parole is revoked (§ 1202.45).  In the 2012 case, he was ordered to pay a $240 restitution fine and a $240 restitution fine suspended unless parole is revoked.  Defendant was further ordered to pay a $40 court operations fee

---

[1] Further undesignated statutory references are to the Penal Code.

(§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373) in each case.  On the People's motion, several related counts and allegations were dismissed.  Defendant did not obtain a certificate of probable cause.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Defendant filed a supplemental brief contending the 10-year firearm enhancement (§ 12022.53, subd. (b)) was "so excessive" "as to blur the distinction between enhancement and offense."  Defendant "urges" that, "if the actual use of the firearm amounts to no more than a brandishing, the court should have discretion to strike the enhancement and allow the state to amend the complaint to charge a brandishing."

Having failed to obtain a certificate of probable cause (§ 1237.5), defendant cannot raise grounds challenging the validity of the plea.  Defendant admitted the 10-year enhancement as part of his plea.  His contention challenges the validity of the plea itself, rather than raising solely post-plea issues, and cannot be raised without a certificate of probable cause.  (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75 [exempting only appeals raising solely search and seizure or post-plea issues from certificate requirement]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1098-1099.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

3

## DISPOSITION

The judgment is affirmed.



     DUARTE     , J.



We concur:



     RAYE     , P. J.



     BUTZ     , J.

4